# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> THOMAS VINCENT GIRARDI, <br><br> Defendant-Appellant. | No. 25-3577 <br><br> D.C. No. 2:23-cr-00047-JLS-1 <br> (C.D. Cal.) <br><br> **UNOPPOSED MOTION FOR 120-DAY EXTENSION OF TIME TO FILE APPELLANT'S OPENING BRIEF; DECLARATION OF ANDREW B. TALAI** |

Defendant-Appellant Thomas Vincent Girardi ("Appellant"), by and through his counsel of record, respectfully moves this Court for an extension of time to file his opening brief in the above-captioned matter. Appellant's opening brief is due on August 28, 2025. Appellant requests a 120-day extension of time, to and including December 26, 2025. The government does not oppose this request.

This motion is made under Federal Rules of Appellate Procedure 26(b) and 27, and Ninth Circuit Rule 31-2.2(b). It is based on the files and records in this case and the attached declaration of counsel.

Appellant is in custody. His projected release date is August 1, 2031.

No court reporter is in default with regard to any designated transcript.

Dated: August 21, 2025   Respectfully submitted,

CUAUHTEMOC ORTEGA
FEDERAL PUBLIC DEFENDER

By: /s/ *Andrew B. Talai*
   Andrew B. Talai
   Deputy Federal Public Defender
   321 East 2nd Street
   Los Angeles, California 90012
   (213) 894-7571
   Andrew_Talai@fd.org

   *Counsel for Defendant-Appellant Thomas Vincent Girardi*

ii

# DECLARATION OF ANDREW B. TALAI

I, Andrew B. Talai, hereby declare and state as follows:

1. I am a Deputy Federal Public Defender in the Central District of California. I am responsible for preparing Defendant-Appellant Thomas Vincent Girardi's ("Appellant") opening brief in *United States v. Girardi*, No. 25-3577 (9th Cir.).

2. Appellant's opening brief is due on August 28, 2025. Appellant respectfully requests a 120-day extension of time to file his opening brief, to and including December 26, 2025. This is the first request for an extension of time that I have made in this case.

3. I have exercised diligence in this appeal and will continue to do so. Among other things, I am in the process of reviewing the record and researching the relevant legal issues.

4. Despite exercising such diligence, I do not anticipate being able to complete Appellant's opening brief by its current due date and anticipate needing an additional 120 days to do so for the following reasons:

    a. I did not represent Appellant in the district court before or at the time judgment was entered. As a result, I am in the

process of reviewing and analyzing the record and relevant legal authorities for the first time on appeal.

   b. The record in this case is extensive, and it involves complex scientific and financial matters. The proceedings included a 3-day competency hearing, pre-trial motions, a 13-day jury trial, post-trial motions, and contested sentencing issues. The case dates back to January 2023, the electronic docket consists of over 550 entries, and the transcripts total approximately 4,000 pages.

   c. I am the sole attorney from my office assigned to handle this appeal. I am therefore solely responsible for reviewing the record, identifying the appellate issues, communicating with the client, drafting the opening brief, preparing the excerpts of record, and drafting any ancillary motions. Given the size of the record and the complexity of the case, it will take a considerable amount of time for me to complete each of these tasks.

   d. My understanding is that Appellant suffers from major neurocognitive disorder (or dementia). Thus, although I have attempted to communicate with Appellant about this case, I anticipate that the process of consultation will be extraordinarily difficult and require

2

much more time than normal. Indeed, it may be the case that due to Appellant's cognitive deficits, I am unable to meaningfully consult with him; but it is my duty to try. As a result of the foregoing circumstances, I believe that additional time to attempt to communicate with Appellant is necessary before filing his opening brief.

  e. Along with Appellant's opening brief, I face several upcoming briefing deadlines in this Court. For example, I intend to file a reply brief in *United States v. Calderon-Nonbera*, No. 22-50040 (9th Cir.), on August 27, 2025, and I am currently scheduled to present oral argument in that same case on October 6, 2025. I also intend to file an answering brief in *United States v. Ramirez*, No. 25-957 (9th Cir.), which is currently due on September 22, 2025. In addition, I intend to file a petition for a writ of certiorari in *Cerda v. Jenkins et al.*, No. 23-4357 (9th Cir.), which I calculate as being due on or before October 14, 2025. The above-listed cases have occupied or will occupy a considerable amount of my time.

  f. Further, the U.S. Supreme Court recently granted a petition for a writ of certiorari in *United States v. Rico*, No. 24-2662 (9th Cir.), one of my cases arising from a judgment of this Court. The brief

for petitioner on the merits was filed on August 14, 2025, and I anticipate that the reply brief for petitioner will be due within 30 days after the brief for the respondent is filed. Oral argument is scheduled for November 3, 2025. This case has occupied and will occupy a considerable amount of my time.

      g.     I anticipate being able to complete and file Appellant's opening brief by the new requested deadline of December 26, 2025.

      5.     On August 20, 2025, I contacted Assistant U.S. Attorney Scott Paetty about the extension request. Mr. Paetty stated that the government has no objection.

      6.     Appellant is in custody. His projected release date is August 1, 2031.

      7.     No court reporter is in default with regard to any designated transcript.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 21, 2025, in Los Angeles, California.

                                        /s/ *Andrew B. Talai*
                                        Andrew B. Talai