# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>THOMAS VINCENT GIRARDI,<br><br>Defendant-Appellant. | No. 25-3577<br><br>D.C. No. 2:23-cr-00047-JLS-1<br>(C.D. Cal.)<br><br>**UNOPPOSED MOTION FOR 90-DAY EXTENSION OF TIME TO FILE APPELLANT'S OPENING BRIEF; DECLARATION OF ANDREW B. TALAI** |

Defendant-Appellant Thomas Vincent Girardi ("Appellant"), by and through his counsel of record, respectfully moves this Court for an extension of time to file his opening brief in the above-captioned matter. Appellant's opening brief is due on June 24, 2026. Appellant requests a 90-day extension of time to and including September 22, 2026. The government does not oppose this request.

This motion is made under Federal Rules of Appellate Procedure 26(b) and 27, and Ninth Circuit Rule 31-2.2(b). It is based on the files and records in this case and the attached declaration of counsel.

Appellant is in custody. His projected release date is August 1, 2031.

No court reporter is in default with regard to any designated transcript.

Dated: June 17, 2026        Respectfully submitted,

AMY KARLIN
INTERIM FEDERAL PUBLIC
DEFENDER


By: /s/ *Andrew B. Talai*
     Andrew B. Talai
     Deputy Federal Public Defender
     321 East 2nd Street
     Los Angeles, California 90012
     (213) 894-7571
     Andrew_Talai@fd.org

     *Counsel for Defendant-Appellant*
     *Thomas Vincent Girardi*

ii

## DECLARATION OF ANDREW B. TALAI

I, Andrew B. Talai, hereby declare and state as follows:

1. I am a Deputy Federal Public Defender in the Central District of California. I am responsible for preparing Defendant-Appellant Thomas Vincent Girardi's ("Appellant") opening brief in *United States v. Girardi*, No. 25-3577 (9th Cir.).

2. Appellant's opening brief was originally due on August 28, 2025. I have obtained multiple extensions of time to file the answering brief, making it due on June 24, 2026. Appellant respectfully requests an additional 90-day extension of time to file his opening brief to and including September 22, 2026. This is the fourth request for an extension of time that I have made in this case.

3. I have exercised diligence in this appeal and will continue to do so. Among other things, I am in the process of reviewing the record and researching the relevant legal issues.

4. Despite exercising such diligence, I do not anticipate being able to complete Appellant's opening brief by its current due date and anticipate needing an additional 90 days to do so for the following reasons:

a.      I did not represent Appellant in the district court before or at the time judgment was entered. As a result, I am in the process of reviewing and analyzing the record and relevant legal authorities for the first time on appeal.

b.      The record in this case is extensive, and it involves complex scientific and financial matters. The proceedings included a 3-day competency hearing, pre-trial motions, a 13-day jury trial, post-trial motions, and contested sentencing issues. The case dates back to January 2023, the electronic docket consists of over 550 entries, and the transcripts total approximately 4,000 pages.

c.      I am the sole attorney from my office assigned to handle this appeal. I am therefore solely responsible for reviewing the record, identifying the appellate issues, communicating with the client, drafting the opening brief, preparing the excerpts of record, and drafting any ancillary motions. Given the size of the record and the complexity of the case, in addition to my professional commitments on other matters, it has taken me significantly more time than I had originally anticipated to complete each of these tasks.

2

d.      My understanding is that Appellant suffers from major neurocognitive disorder (or dementia). Thus, although I have attempted to communicate with Appellant about this case, I anticipate that the process of consultation will be extraordinarily difficult and require much more time than normal. Indeed, it may be the case that due to Appellant's cognitive deficits, I am unable to meaningfully consult with him; but it is my duty to try. As a result of the foregoing circumstances, I believe that additional time to attempt to communicate with Appellant is necessary before filing his opening brief.

e.      Along with Appellant's opening brief, I face the following upcoming deadlines in this Court: (i) an opening brief in *United States v. Bell*, No. 25-6719 (9th Cir.); (ii) an opening brief in *United States v. Gullet*, No. 26-2667 (9th Cir.); (iii) an opening brief in *United States v. Coleman*, No. 24-4727 (9th Cir.); (iv) an opening brief in *United States v. Fleming*, No. 23-1515 (9th Cir.); (v) an opening brief in *United States v. Moreno Diaz*, No. 26-3121 (9th Cir.); and (vi) an opening brief in *United States v. Sanders*, No. 25-3137 (9th Cir.). In addition, I am awaiting an opening brief in *United States v. Pineda*, No. 26-126 (9th Cir.), to which I will be required to respond. I also

3

anticipate presenting oral argument in *United States v. Ramirez*, No. 25-957 (9th Cir.), a case which is fully briefed and being considered for an upcoming oral argument calendar. The above-listed cases have occupied or will occupy a considerable amount of my time.

f. I am responsible for providing appellate support to my colleagues on certain matters pending in the Central District of California. In one of those cases, I recently filed a motion for sentence reduction and reply in support thereof. In another one of those cases, I was asked to provide assistance with pre-trial motions and other issues for a multi-day jury trial that is scheduled for July 2026. Providing such appellate support has occupied or will occupy a considerable amount of my time.

g. I anticipate being able to complete and file Appellant's opening brief by the new requested deadline of September 22, 2026. Barring unforeseen circumstances, my goal is to avoid requesting any further extensions of time to complete Appellant's opening brief.

5. On June 16, 2026, I contacted Assistant U.S. Attorney Ranee Katzenstein about the extension request. Ms. Katzenstein stated that the government has no objection.

6.      Appellant is in custody. His projected release date is August 1, 2031.

7.      No court reporter is in default with regard to any designated transcript.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2026, in Los Angeles, California.

/s/ *Andrew B. Talai*
Andrew B. Talai

5